41 F.3d 1507
 151 L.R.R.M. (BNA) 2672, 129 Lab.Cas. P 11,239
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
Gary Lee NELSON, Jr. and Donna Nelson, d/b/a Custom Trim, Respondents.
 No. 94-6321.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1994.
 
 Before: ENGEL, MARTIN and BOGGS, Circuit Judges.
 
 JUDGMENT
 
 1
 The National Labor Relations Board (the "Board") applies for summary enforcement of its August 30, 1994, decision and order in Case No. 17-CA-17347 in which it found the respondent violated federal labor law and directed the respondent to take certain remedial steps stated therein. The respondent did not file an answer to the complaint and has not made an appearance either before the Board or this court. Under these circumstances, we conclude the Board is entitled to the relief sought. See 29 U.S.C. Sec. 160(e) ("No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances.")
 
 
 2
 It therefore is ORDERED that the Board's decision and order in Case No. 17-CA-17347 is hereby enforced. The respondent, Gary Lee Nelson, Jr. and Donna Nelson, d/b/a Custom Trim, Hendersonville, Tennessee, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Failing and refusing to bargain with the United Brotherhood of Carpenters and Joiners of America, District Council of Kansas City and Vicinity, AFL-CIO, as the limited exclusive bargaining representative of the employees in the following unit by failing to make contractually required contributions to fringe benefit funds on behalf of unit employees:
 
 
 4
 All employees employed by respondent, including all journeymen and apprentice carpenters, lathers, millwrights and pile drivers, who perform work which has historically and traditionally been performed heretofore by members of the United Brotherhood of Carpenters and Joiners of America, AFL-CIO, (to include work previously performed by Lathers) in the geographical area which extends to and includes the counties: Jackson, Clay, Platte, Lafayette, Ray, Carroll, Saline, Bates, Johnson, Cass, Harrison, Mercer, Grundy, Daviess, Caldwell, Livingston, Henry, St. Clair, Hickory, Camden, Laclede, and Vernon in Missouri, and Wyandotte, Johnson, Miami, Linn and Leavenworth in Kansas, excluding all office clerical employees, guards, and supervisors as defined in the National Labor Relations Act (the "Act") and all other employees.
 
 
 5
 (b) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 6
 2. Take the following affirmative action necessary to effectuate the policies of the Act:
 
 
 7
 (a) Make all required contributions to the various fringe benefit funds on behalf of the unit employees, and make the unit employees whole for any loss of benefits or expenses resulting from its unlawful failure to so do since October 21, 1993, as set forth in the remedy section of the Board's decision.
 
 
 8
 (b) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this judgment.
 
 
 9
 (c) Post at its facility in Hendersonville, Tennessee, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 17 of the National Labor Relations Board (Overland Park, Kansas) after being signed by the respondent's authorized representative, shall be posted by the respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 10
 (d) Notify the said Regional Director, in writing, within 20 days from the date of this judgment, what steps the respondent has taken to comply with this judgment.
 
 APPENDIX
 
 11
 NOTICE TO EMPLOYEES POSTED PURSUANT TO A JUDGMENT OF THE
 
 
 12
 UNITED STATES COURT OF APPEALS ENFORCING AN ORDER
 
 OF THE NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 13
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 14
 WE WILL NOT fail and refuse to bargain with the United Brotherhood of Carpenters and Joiners of America, District Council of Kansas City and Vicinity, AFL-CIO, as the limited exclusive bargaining representative of the employees in the following unit by failing to make contractually required contributions to the fringe benefit funds on behalf of unit employees:
 
 
 15
 All employees employed by us, including all journeymen and apprentice carpenters, lathers, millwrights and pile drivers, who perform work which has historically and traditionally been performed heretofore by members of the United Brotherhood of Carpenters and Joiners of America, AFL-CIO, (to include work previously performed by Lathers) in the geographical area which extends to and includes the counties: Jackson, Clay, Platte, Lafayette, Ray, Carroll, Saline, Bates, Johnson, Cass, Harrison, Mercer, Grundy, Daviess, Caldwell, Livingston, Henry, St. Clair, Hickory, Camden, Laclede and Vernon in Missouri, and Wyandotte, Johnson, Miami, Linn and Leavenworth in Kansas, excluding all office clerical employees, guards and supervisors as defined in the Act and all other employees.
 
 
 16
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 17
 WE WILL make all required contributions to fringe benefit funds on behalf of the unit employees, and WE WILL make them whole for any loss of benefits or expenses resulting from our unlawful failure to do so since October 21, 1993.
 
 
 18
 GARY LEE NELSON, JR. AND DONNA NELSON, D/B/A CUSTOM TRIM